UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **GREAT AMERICAN INS. CO.**<br>**OF NEW YORK**<br><br>**VS.**<br><br>**L. D. MARINE, LLC.** | **CIVIL ACTION NO. 08-CV-0654**<br><br>**JUDGE MELANÇON**<br><br>**MAGISTRATE JUDGE METHVIN** |

*JURISDICTIONAL AMOUNT REVIEW*

Before the court is plaintiff Great American's "Memorandum Regarding Submission of Jurisdictional Amount," filed pursuant to this court's order on June 8, 2009. Defendant L. D. Marine, LLC's response shows that it does not dispute that the requisite amount in controversy is satisfied. .

Having reviewed plaintiff's memorandum and the exhibits thereto, I conclude that plaintiff has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000 by setting forth the specific facts in controversy that support a finding of the jurisdictional amount. Simon v. Wal Mart Stores, 193 F.3d 848 (5th Cir. 1999); Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

Plaintiff alleges that, on April 17, 2008, defendant was performing welding work on a tug owned by Eagle Towing, LLC when a fire occurred allegedly damaging the vessel. Great American had previously issued a Marine Commercial Liability Policy and Builder's Risk Insurance policy to L. D. Marine with coverage dates from April 20, 2007 to April 20, 2008. On April 17, L.D. Marine's insurance broker, Stiehl Ins. Agency, reported the incident to Great American and advised that it expected Great American to defend and indemnify it on any claim made by Eagle Towing.

Great American seeks a declaratory judgment that the insurance policy it issued to L. D. Marine does not provide coverage for any claims or potential claims for damages against L.D. Marine in connection with the April 17 incident.

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it."  St. Paul Reinsurance Co., Ltd. v. Greenburg, 134 F.3d 1250, 1253 (5th Cir.1998).  "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995).  To justify dismissal in a case in which the plaintiff claims a determinate amount, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."  St. Paul Mercury, 303 U.S. at 289, 58 S.Ct. at 590.  However, bare allegations of jurisdictional facts are insufficient to establish federal court jurisdiction.  St. Paul Reinsurance, *supra,* 134 F.3d at 1253, *citing*, Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia S.A., 988 F.2d 559, 566 (5th Cir.1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994).[1]

The legal certainty test is inapplicable where the plaintiff does not allege a determinate amount of damages.  St. Paul Reinsurance Co., Ltd. v. Greenburg, 134 F.3d at 1253.  Instead, the burden then becomes a preponderance of the evidence for the party seeking to invoke the court's

---

[1] Asociacion was a removed case in which the petition stated in a conclusory fashion that the matter in controversy met the jurisdictional amount.  The Fifth Circuit has held that case law in removed cases regarding § 1332's jurisdictional amount requirement is "instructive" in analyzing similar issues in diversity cases filed directly in federal court.  St. Paul Reinsurance Co., Ltd. v. Greenburg, 134 F.3d at 1253 (5th Cir.1998).

jurisdiction. Id. The party seeking to invoke jurisdiction must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. Id.

In declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim. Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir. 2002), *citing* 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3d §§ 3710 (3d ed.1998).

Here, Great American shows that estimated repair costs for M/V MR. LESTER are $195,001.50.

In light of the foregoing, the undersigned concludes that the jurisdictional amount has been established in this case.

Signed at Lafayette, Louisiana, on July 8, 2009.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)